BOWLES, Administrator, Office of Price Administration, v. BATTAGLIA et al.
Civ. No. 620.

District Court, D. Delaware.
Feb. 18, 1946.

Howard L. Fussell, Enforcement Attorney, of Wilmington, Del., for .Office of Price Administration.

H. Albert Young, of Wilmington, Del., for defendants.

LEAHY, District Judge.

1. On April 5, 1944, defendants filed a registration statement for a two room unit at 323 Front Street, Wilmington, for $6.25 per week. On June 7, 1944 OPA directed the maximum under the Regulation should be $4. The testimony concerning this property comes from one Saunders, the tenant. He was such a vague and incoherent witness it was impossible to learn whether after June 7, 1944 he paid $6.25, $6 or $5 a week. His testimony will, however, be accepted in the light most favorable to defendants. On June 7, 1944, defendants were not permitted to charge more than $4 for this unit. At best, Saunders showed he paid $5 a week from then up to September 15, 1945. It thus appears Saunders was overcharged for a period of approximately 64 weeks—or $64.

2. On August 30, 1944, a registration statement was filed for 206 West Street, Wilmington, for a unit at $13 a week. Defendants claim the basis for this figure was that it was not only for rental but for additional services, such as water, heat, fuel, etc. On October 6, 1944, OPA reduced the rental to the maximum of $7 per week. The evidence shows that a tenant paid $9 per week from December, 1944, to July, 1945. This amounts to a $2 per week overcharge for approximately 32 weeks—or $64.

3. With respect to all the rented quarters, again it was difficult to follow the testimony of other witnesses such as Davis, Giles, etc. All these tenants were persons of the poor class, unschooled, and wholly inarticulate. Their "rent receipt books" were inexpertly kept and in some instances the tenants were unable to read them—in fact, they could not read at all. While I could read the entries therein made, it was impossible to make order out of them or to understand how the accounts between defendants-landlords and tenants stood. At best, it has only been possible to make out two further separate over-

charges, in one instance $52 and in the other $26.

After reviewing all evidence, it clearly appears the landlords had, in turn, a difficult time grasping what was required of them by the Regulations. In short, the record fails to disclose that they acted in utter disregard of the advice which OPA laboriously attempted to give them. Nevertheless, they must inexorably be held to follow the rules. They failed to gear their rentals to the maximum as instructed. Hence, plaintiff's sought recovery in the amount of $642.25 will be denied, but judgment will, however, be for plaintiff in the total amount of overcharges as found herein, namely $206.

There was no evidence defendants caused tenants to be removed in violation of the Regulation. The evidence does show defendants were cavalier about filing registration statements and changes of tenancy and exhibiting stamped copies of registration statements to new tenants. They should be enjoined from such practices in the future if for no other reason than for their own benefit so that they once more may not come within the clutches of the law.

An order may be submitted.